IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

v.                      Case No.  02-50040-001

CLARENCE FRAZIER                                             PETITIONER

**ORDER**

Now on this 3rd day of January 2006, comes on to be considered **Petitioner's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C.A. 3582(c)(2) and New Guideline Amendments (document #40)**. The Court, being well and sufficiently advised, finds and orders as follows:

1. On November 6, 2002, Clarence Frazier pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Frazier was sentenced by this Court on March 31, 2003 to eighty-four (84) months imprisonment, five (5) years supervised release, $10,000 fine, and $100 special assessment. Frazier did not appeal his conviction or sentence.

At the time of his sentencing, Frazier had an undischarged state sentence, and this Court ordered his federal sentence to run consecutive to the undischarged state sentence.

2. By his **Motion**, Frazier now seeks to modify the terms of his imprisonment. Specifically, he seeks to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) -- to reflect that his federal sentence shall run concurrently with his state sentence.

Frazier claims that Guideline Amendment 660, effective November 1, 2003, should be held to apply retroactively to his sentence and that, when so applied, it entitles him to such a sentence reduction.

3. Guideline Amendment 660 is not expressly identified under the current version of USSG § 1B1.10(c) which lists the amendments the Sentencing Commission intended to be applied retroactively to reduce a defendant's sentence. *See* Azure v. Gallegos, 7 Fed. Appx. 240 (10th Cir. 2004); U.S. v. Crudup, 375 F.3d 5 (1st Cir. 2004); U.S. v. Huff, 370 F.3d 454 (5th Cir. 2004). Moreover, the Court finds no authority for the proposition that the amendment to the sentencing guideline in question is merely a clarification -- rather than a substantive change in the law. The Court, therefore, perceives no basis to conclude that Guideline Amendment 660 should be given retroactive effect and **Petitioner's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C.A. 3582(c)(2) and New Guideline Amendments (document #40)** will be, and it hereby is, **denied.** U.S. v. Crudup, 375 F.3d 5 (1st Cir. 2004).

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE